IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**SAMSON A. OGUNTUYI,**<br><br>*Defendant* | **Criminal No. 1:20-cr-00285-JRR** |

## MEMORANDUM OPINION

This matter comes before the court on limited remand from the United States Court of Appeals for the Fourth Circuit to determine whether Defendant Samson Oguntuyi has shown excusable neglect or good cause warranting extension of the 14-day appeal period. (ECF No. 184.) The court has before it Defendant's Motion and Incorporated Brief Related to Appeal Remand (ECF No. 189; "the Motion") and the Government's Response. (ECF No. 192.) The submissions have been reviewed and no hearing is necessary.[1] Local Rule 105.6 (D. Md. 2023).

I.      **PROCEDURAL BACKGROUND**

On August 24, 2021, Defendant Samson Oguntuyi pled guilty pursuant to a plea agreement. (ECF Nos. 80, 82.) As part of the plea agreement, Defendant waived his rights to appeal his conviction and sentence. (ECF No. 82.) On March 1, 2022, Judge Catherine Blake sentenced Defendant to 54 months (a "below guidelines" sentence) and on March 2, 2022, the court entered judgment.[2] (ECF No. 127.) On March 23, 2022, Defendant filed a notice of appeal. (ECF No. 130.) On August 29, 2023, the Fourth Circuit remanded the case for determination of whether

---

[1] As discussed below, Judge Blake set a briefing schedule on the limited remand issue and noted that if either party believes an evidentiary hearing is necessary, they may move for such hearing. (ECF No. 188.) Neither party moved for an evidentiary hearing and Defendant specifically indicated that "[n]o evidentiary hearing is necessary." (ECF No. 189 at 2.)
[2] This case was reassigned to the undersigned on January 31, 2024.

Defendant has shown excusable neglect or good cause warranting an extension of the 14-day appeal period. (ECF No. 184.)

II.     **FACTS RELEVANT TO THE MOTION**

As relayed above, Defendant was sentenced per a plea agreement on March 1, 2022. That same day, at 7:12 p.m., Defendant emailed counsel: "We are going to appeal the 4 1/2 years Mr. Bardos. I think I should have credits for the time spent on home incarceration for a year at least and the 19 months incarceration throughout my arrest. Please let me know how to proceed." (ECF No. 189-2 at 1.)

The next day, on March 2, 2022, at 12:39 p.m., counsel responded to Defendant's email:

> An appeal in federal court is not a review of the sentence, unless the sentence was illegal. The maximum sentence under counts 2 and 7 is 20 years. You got 30 months so the sentence is not illegal. The determination of credit is made by the Bureau of Prisons, not the judge, so an appeal will not address that issue (and pretrial home confinement is never credited as time in jail by the BOP). And, an appeal is only to correct a legal error by the trial judge - I see no legal errors in the guilty plea or the sentencing. Most importantly, as seen below, you waived your rights to file an appeal. However, as appointed counsel, if you tell me to file a notice of appeal, I must do so. My appointment only concerns the matters before the trial court - I do not know whether counsel would be appointed for you on your appeal. In other cases where a defendant has pled guilty and waived his appeal rights, the most common outcome is that the Government simply files a motion to dismiss the appeal based on the terms of the plea agreement and that motion is granted. But, I will file a notice if you direct me to.

*Id.*

Sixteen days later, on Friday, March 18, 2022, at 10:41 a.m., Defendant emailed counsel: "Any update on the appeal yet???" *Id.* That same day, at 10:49 a.m., counsel responded:

> I did not hear from you after my last email, so I did not file for an appeal. As I indicated, you waived your rights to appeal and there are no grounds for an appeal - you got a sentence below the guidelines range so there is no appellate argument that it was

>unreasonable. What error by the judge do you think you want to appeal? Nevertheless, if you direct me to file an appeal notice, I am bound by law to do so. You will not be entitled to appointment of counsel on the appeal, however. Also, appeals take between 9 and 18 months to get resolved by the appellate court. So, let me know what you are ordering me to do. Thanks

*Id.* at 1-2. About 40 minutes later, Defendant replied: "Yes please go ahead with the appeal." *Id.* at 2. Trial counsel filed the notice of appeal on Wednesday, March 23, 2022 – 21 days after entry of judgment.

### III. APPLICABLE LAW

In criminal cases, a defendant has 14 days after entry of judgment within which to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. FED. R. APP. P. 4(b)(4). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Howes v. Rumsfeld*, No. WMN-04-1083, 2006 U.S. Dist. LEXIS 104512, at *6 (D. Md. Aug. 30, 2006) (citation omitted). "The good cause standard applies in situations in which there is no fault—excusable or otherwise." *Id.* (citation omitted). "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id.* (citation omitted).

What constitutes excusable neglect "is at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993)). Excusable neglect in criminal cases includes ineffective assistance of counsel. *United States v. Ritchie*, No. 4:15cr18, 2017 U.S. Dist. LEXIS 84161, at *6 (E.D. Va. June 1, 2017) (citing *United States v. Chujoy*, 207 F. Supp. 3d 660, 666

3

(W.D. Va. 2016)). It is well settled that the Sixth Amendment "right to counsel is the right to effective counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In *Strickland,* the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.

Under the first prong, Defendant must demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. Under the second prong, Defendant must show that the deficient performance prejudiced him. *Id*. at 687. In order to satisfy the first *Strickland* prong, the movant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.
>
> . . .
>
> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. *Cf. Engle v. Isaac*, 456 U.S. 107, 133-134 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

*Strickland v. Washington*, 466 U.S. 668, 688-90 (1984).

The court may address the two *Strickland* prongs in either order; if one prong is not met, the court need not address the second.

"Failure to file a requested appeal is *per se* ineffective assistance of counsel, irrespective of the possibility of success on the merits." *United States v. Foster,* 68 F.3d 86,88 (4th Cir. 1995). As to the first prong of *Strickland*—alleged deficient performance:

> Ineffective assistance of counsel for failure to file a notice of appeal generally depends on whether the defendant instructed counsel to file. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *see e.g. Singleton v. Eagleton*, 425 F. App'x 228, 230 (4th Cir. 2011). If a defendant specifically instructs counsel to file a notice of appeal, their failure to do so is "professionally unreasonable" and *per se* ineffective. *Roe v. Flores-Ortega*, 528 U.S. at 477.
>
> Alternatively, if a defendant does not provide instructions, counsel must "consult" with them if they have "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. "Consult," in these circumstances, requires that counsel "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* at 478. In determining whether counsel had a duty to consult, a "highly determinative" factor is whether the conviction follows a guilty plea. *Id.* at 480 ("[A] guilty plea . . . may indicate that the defendant seeks an end to judicial proceedings."). In connection with the plea, courts should also consider whether defendant received the sentence bargained for, among other potential factors. *Id.*

*Day v. United States*, No. CR RDB-19-0506, 2023 WL 2499722, at *4 (D. Md. Mar. 14, 2023).

IV.   **ANALYSIS**

In support of his contention that trial counsel rendered ineffective assistance, Defendant asserts that he unequivocally directed counsel to appeal, which counsel did not do; instead, trial counsel emailed back explaining why an appeal was ill-advised. (ECF No. 189 at 2.) The Government asserts that based on the record on which Defendant relies, Defendant did not clearly direct counsel to file a notice of appeal, and, in the absence of such a directive, failure to file an appeal is not ineffective. Instead, the Government counters, Defendant's email was reasonably

5

viewed by counsel as an expression of interest in appealing in response to which counsel promptly and appropriately consulted with Defendant per *Roe v. Flores-Ortega* and *Day v. United States, supra*. (ECF No. 192 at 3-7.)

The Government further asserts that trial counsel's statement to Defendant at the conclusion of his return email that "I will file a notice of appeal if you direct me to" demonstrates that trial counsel did not view Defendant's initial email as an instruction to appeal, but rather an expression of interest or inquiry about appeal. This, the Government urges, is reasonable particularly in view of the fact that Defendant's initiating email to counsel concluded with "Please let me know how to proceed" – suggesting a request for advice as to appellate grounds and the process generally. *See U.S. v. Roane*, 378 F3d 382, 404-405 (4th Cir. 2004) (providing that "the reasonableness of a lawyer's trial performance must be 'evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential'") (quoting *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986) (citing *Strickland,* 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to . . . evaluate the conduct from counsel's perspective at the time. . . . [A]court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .")). And, the Government asserts, that counsel filed the notice of appeal directly as thereafter demonstrates counsel acted as instructed when actually clearly instructed.

The court agrees with the Government. Prior to March 18, 2022, Defendant did not clearly instruct counsel to file a notice of appeal. This is demonstrated by the ambiguity of Defendant's March 1 email – resulting from the opening statement "We are going to appeal" regarding his dissatisfaction with home detention credit and the concluding request "Please let me know how to

proceed," seeking input and advice on what to do or how to address his complaint. Particularly when viewed from the reasonable perspective of counsel, Defendant "reasonably demonstrated to counsel that he was interested in appealing" to which counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 480 (2000). Upon receipt of a clear instruction on March 18, 2022, counsel acted in accordance with his client's wishes by filing the notice of appeal.

Defendant fails to demonstrate that counsel's performance fell below an objective standard of reasonableness. Because counsel did not act unreasonably with respect to Defendant's appeal, Defendant did not suffer prejudice as a result of any deficient performance.[3] *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, Defendant is not entitled to an extension of the appeal period on the basis of ineffective assistance of counsel.[4]

Defendant does not assert any other or additional grounds to support the Motion, and the court discerns none. Therefore, the court finds that Defendant has failed to demonstrate excusable neglect or good cause to extend the appeals deadline.

## IV.   CONCLUSION

For the reasons set forth herein, by separate order, the Motion is denied.

/S/

May 13, 2024

Julie R. Rubin
United States District Judge

---

[3] The court also notes that pursuant to the Plea Agreement, Defendant waived the right to appeal his conviction and sentence. (ECF No. 82 at 6-7.)

[4] The court acknowledges that in some cases "[c]onfusion or miscommunication between attorney and client in a criminal case can constitute excusable neglect within the meaning of FED. R. APP. P. 4(b)." *United States v. Herrod*, No. 3:12-cr-00219-2, 2020 U.S. Dist. LEXIS 193524, at *2 (M.D. Tenn. Oct. 19, 2020); *see, e.g., United States v. Cole*, 726 F. Supp. 726, 728(N.D. Ill. 1989) (finding defendant's "medical condition and miscommunication with counsel constitute 'excusable neglect' within the meaning of Fed. R. App. P. 4(b)"). Defendant does not assert there was any confusion or miscommunication between him and counsel, and the court finds none.